UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ARNOLD,<br><br>           Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>           Defendant. | Case No. 10-CV-2003-MMA (JMA)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendant Social Security Commissioner Michael J. Astrue (hereinafter "Defendant") challenges this Court's jurisdiction over Plaintiff Mark Arnold's (hereinafter "Plaintiff") Complaint. Defendant argues that the Court lacks the subject matter jurisdiction to review Plaintiff's claim because the Social Security Act precludes review where no "final decision" of the Commissioner was rendered after a hearing and that Plaintiff fails to raise a colorable constitutional claim that could otherwise give the Court jurisdiction over this matter.

For the reasons set forth below, the Court recommends Defendant's motion to dismiss for lack of subject matter jurisdiction be **DENIED**.

//

//

## I. BACKGROUND

Plaintiff filed an application for Social Security disability benefits on February 27, 2008. (Compl., Doc. No. 1, ¶ 4; Herbst Decl., Doc. No. 7-2, ¶ 4(a).) The Social Security Administration (hereinafter "SSA") denied Plaintiff's claim on July 23, 2008. (Herbst Decl., ¶ 4(a) & Ex. 1.) Plaintiff filed a Request for Reconsideration on August 22, 2008, which was denied. (Id., Ex. 2 at 3; Compl., ¶ 5.) Plaintiff filed a request for hearing on December 15, 2008. (Compl., ¶ 5; Herbst Decl., ¶ 4(b) & Ex. 2 at 1-2.) On December 31, 2008, Hearing Office Chief Administrative Law Judge James S. Carletti mailed an acknowledgment confirming receipt of Plaintiff's request for a hearing and providing Plaintiff with information regarding the hearing process. (Herbst Decl., ¶ 4(b) & Ex. 3.) The acknowledgment was sent to 1139 Midway Dr., Alpine, CA 90901 (hereinafter "Alpine address"). (Id.) On August 6, 2009, Administrative Law Judge Edward D. Steinman (hereinafter "ALJ") mailed to the Alpine address the "Notice of Hearing," which included the date, time and place of Plaintiff's requested hearing and which highlighted the consequences Plaintiff faced should he or his representative fail to appear. (Id. at ¶ 4(b) & Ex. 4.) The Notice of Hearing included an "Acknowledgment of Receipt" that Plaintiff was to sign and remit. (Id.) The ALJ mailed another letter to the Alpine address titled "Notice of Hearing-Important Reminder" on August 31, 2009. (Id. at ¶ 4(b) & Ex. 5.) This notice indicated the ALJ had not received Plaintiff's acknowledgment of having received the Notice of Hearing, and requested that Plaintiff sign and return the enclosed Acknowledgment of Receipt. (Id.)

According to Plaintiff,

> In June of 2009 I moved from Alpine to Lakeside. I personally went to the El Cajon [Social Security] office and completed a change of address form. I also inquired as to when I could expect my hearing, as I was planning on retaining counsel. I was told that the hearing could take over a year to schedule and that I would be notified by mail. I assumed this would be at my new address in Lakeside.
>
> On September 2, 2009[,] a voice mail message was left on my machine. The message indicated that a hearing had been scheduled for September 4, 2009. This was the first time that I became aware that a hearing had been scheduled and of the date. I had not received any letters from the hearing office. I also did not receive a computer disk with the exhibits and

> documents relied upon by Social Security in reaching its decision.
>
> When I received the voice mail message, it was after business hours. At this time attorney Bebi was representing me on an unrelated personal injury case.[1] I called him to see if he could represent me. He advised that he needed to review the matter before accepting the case, and that he could not appear at the hearing as he had other commitments that he could not re-schedule on such short notice. He suggested that I call the Social Security Hearing Office [and] advise them of the problem and see if they would agree to a postponement. He provided me with their number. I hung up, and immediately called the number he provided. I left a message explaining that I had not received notice and requested a continuance.
>
> On September 3, 2009[,] I again called and left a message. I received a return call from the judge's assistant. I asked if I needed to appear, and I understood her to say that she would convey my continuance request to the judge, and that I need not appear. I did not receive notice that failure to appear could result in dismissal of my case. I had no experience in these matters, and did not think I needed to do anything further. If it would have been made clear to me that I could only obtain a continuance by personally appearing, I would [have] arranged to be present. I would not have been able to present my case, as I did not have the documents necessary and could not obtain them on such short notice.
>
> The next day, September 4, 2009, I retrieved a voice mail message from the judge's assistant stating that the judge required my attendance. I did not receive this message until after the hearing had concluded. I immediately called upon receipt of the message, and left a message explaining that I did not receive the earlier message and requesting information as to my options.
>
> On September 7, 2009, I followed up with several messages, but never received a return call.

(Arnold Decl., Doc. 9, ¶¶ 5-10.)

On September 10, 2009, the ALJ mailed to the Alpine address a "Notice of Dismissal" and an "Order of Dismissal," in which the ALJ dismissed Plaintiff's hearing request because Plaintiff failed to appear at the hearing without good cause. (Herbst Decl., ¶ 4(c) & Ex. 6.) The ALJ stated:

> On September 3, 2009, the claimant called and indicated that he was interested in obtaining legal representation. A check of the record indicates that no representative has informed this office of his or her representation. Moreover, the claimant was informed by a member of the office staff to attend the hearing and explain his circumstances to the administrative law judge. The claimant did not appear for his scheduled hearing. The claimant was given an opportunity to attend the hearing and

---

[1] Attorney Gastone Bebi, Esq. represents Plaintiff in this matter.

> provide information regarding any attempts to seek counsel or to provide other good cause grounds for continuing the scheduled hearing. As indicated he did not appear, nor provide any good cause for his absence. There is no indication that he has sought counsel or that any representative has agreed to appear on his behalf.
>
> The undersigned has considered the factors set forth in 20 C.F.R. § 404.957(b)(2) and finds that there is no good cause for the claimant's failure to appear at the time and place of hearing. [¶] Accordingly, the request for hearing dated December 15, 2008 is dismissed and the determination dated October 31, 2008 remains in effect.

(Herbst Decl., Ex. 6 at 4-5.)

On November 2, 2009, Plaintiff requested that the Appeals Council review the ALJ's dismissal. (Id. at ¶ 4(c) & Ex. 7.) The Appeals Council denied Plaintiff's request for review on August 13, 2010, finding that Plaintiff did not provide information sufficient to change the ALJ's decision. (Id. at ¶ 4(d) & Ex. 8.) Plaintiff filed his Complaint in this Court on September 27, 2010 pursuant to Title 42, United States Code, Section 405(g). (Compl. at 1.) In his Complaint, Plaintiff seeks an order directing the SSA to provide him with a benefits eligibility hearing. (Id. at 4.) On January 27, 2011, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 7.) On February 25, 2011, Plaintiff filed an opposition to the motion to dismiss. (Doc. No. 8.) Defendant did not file a Reply.

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(1)

Because federal courts are courts of limited jurisdiction, the party asserting jurisdiction bears the burden of establishing the case is properly in federal court. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A party may assert a lack of subject matter jurisdiction by motion. FED. R. CIV. P. 12(b)(1). "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). In resolving a factual attack on jurisdiction, the court "may review evidence beyond the complaint without converting the motion to dismiss

into a motion for summary judgment." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. (quoting Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

**B.  Finality and Exhaustion Under 42 U.S.C. § 405(g)**

"The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Id. Title 42, United States Code, Section 405(g) is the vehicle by which private parties may sue the United States Government in the social security context. Mathews v. Eldridge, 424 U.S. 319, 327 (1976). Section 405(g) states in relevant part:

> Any individual, *after any final decision of the Commissioner of Social Security made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Section 405(h) limits judicial review to section 405(g):

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C. § 405(h). "The hearing requirement of [section] 405(g) is intended to ensure that claimants do not bypass the administrative procedure established to resolve their claims." McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000) (citing Weinberger v. Salfi, 422 U.S. 749, 765 (1975)). The "final decision" of the Commissioner consists of two elements: "(1) the 'jurisdictional' non-waivable requirement of presentment of the claim for benefits (presentment); and (2) the 'waivable' requirement of exhaustion of

administrative remedies (exhaustion)." Cassim v. Bowen, 824 F.2d 791, 794 (9th Cir. 1987).

"Presentment can be fulfilled by contesting tentative agency determinations." Id. Exhaustion requires a claimant to proceed through all stages of the administrative appeals process. The Code of Federal Regulations provides the method by which a claimant exhausts his or her administrative remedies. A claimant seeking benefits first receives an initial determination on the claim. 20 C.F.R. § 404.902. A dissatisfied claimant may then seek reconsideration of the initial determination. 20 C.F.R. § 404.907. A claimant may request a hearing before an ALJ if still dissatisfied with the outcome of the reconsideration. 20 C.F.R. §§ 404.907, 404.929. Finally, the dissatisfied claimant may seek review of the ALJ's decision by the Appeals Council. 20 C.F.R. § 404.967. "The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision." 20 C.F.R. § 404.981. "The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised." 20 C.F.R. § 404.981.

Exhaustion may be waived, either by the Commissioner or by the courts. Bowen v. City of New York, 476 U.S. 467, 482 (1986) (citations omitted). "Courts may waive exhaustion because cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." Cassim, 824 F.2d at 795 (quotation omitted). The claimant must satisfy a three-part test: "The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003).

Courts also recognize an exception to the limitations imposed by Section 405(h) on judicial review of the Commissioner's decision: when a claim rests on colorable constitutional grounds. Califano v. Sanders, 430 U.S. 99, 109 (1977). "Constitutional

questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Id. "[T]he Sanders exception applies to any colorable constitutional claim of due process violation that 'implicates a due process right . . . to a meaningful opportunity to be heard.'" Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1989) (quoting Panages v. Bowen, 871 F.2d 91, 93 (9th Cir. 1989)). "A challenge that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim." Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001) (quoting Boettcher v. Sec'y of Health & Human Serv., 759 F.2d 719, 722 (9th Cir. 1985)).

## III.    DISCUSSION

### A.    Plaintiff Has Met the Jurisdictional Requirements of Section 405(g)

#### 1.    Plaintiff Has Met the Hearing Requirement Under *McNatt v. Apfel*

As set forth above, a claimant must have obtained a "final decision . . . made after a hearing" in order to obtain judicial review of a decision of the Commissioner. 42 U.S.C. § 405(g). It is undisputed in this case that there was no "hearing" at which the ALJ examined the evidence and questioned witnesses in accordance with 20 C.F.R. § 404.929. Following McNatt, however, the Court finds that "'hearing, as used in [section] 405(g), has a broader meaning." McNatt, 201 F.3d at 1087.

Under Ninth Circuit authority, a claimant who is properly notified of a hearing before an ALJ and who knowingly refuses to attend is not entitled to judicial review of a dismissal of a request for hearing. See Hoye v. Sullivan, 985 F.2d 990 (9th Cir. 1992) (claimant refused to attend ALJ hearing because his attorney advised him that the ALJ was prejudiced against the attorney); Subia v. Comm'r of Social Security, 264 F.3d 899 (9th Cir. 2001) (claimant refused to attend ALJ hearing on the grounds that the ALJ resided out of state and the notice of hearing was deficient). "By *refusing* to attend the hearing, [the claimant] waived [his or her] opportunity for a hearing and . . . failed to exhaust the administrative remedy upon which judicial review depends." Hoye, 985 F.2d at 991 (emphasis added).

7

10cv2003

It does not follow, however, that because a claimant who is *properly notified* of an ALJ hearing and who *knowingly refuses* to attend waives judicial review, a claimant who was *not* properly notified and who did not *refuse* to attend a scheduled hearing also waives review. "[I]t would be curious indeed if the [Commissioner] could foreclose judicial review, for whatever reason, by merely denying the claimant a hearing . . . and [t]his concern is heightened where, as here, the claimant alleges that the agency denied him a hearing in violation of its own regulations." McNatt, 201 F.3d at 1087 (quotation omitted).

Under the applicable regulations, the ALJ may dismiss a request for a hearing if the claimant was provided notice, but failed to appear at the time and place of the hearing without good cause. 20 C.F.R. § 404.957(b)(1)(i). To provide notice, the SSA mails notice of the hearing to the claimant's last known address at least twenty days before the hearing. 20 C.F.R. § 404.938(a). The claimant must acknowledge having received notice. 20 C.F.R. § 404.938(c). If the claimant or claimant's representative does not acknowledge receipt of the notice of the hearing, the SSA will attempt to contact the claimant for an explanation. Id. If the claimant informs the SSA that he or she did not receive the notice of hearing, an amended notice will be sent. Id. A claimant's attempt to obtain representation may constitute good cause for changing the time or place of a scheduled hearing. 20 C.F.R. § 404.936(f)(1).

Here, uncontested evidence in the record demonstrates that Plaintiff moved from Alpine to Lakeside in June 2009, and that Plaintiff informed the SSA of his change of address by completing a change of address form at the El Cajon office. Arnold Decl., ¶ 5. Thus, the SSA violated its own regulations by mailing Plaintiff's notice of hearing, in August 2009, to Plaintiff's Alpine address (see Herbst Decl., Ex. 4), an address not constituting his last known address as required by 20 C.F.R. § 404.938(a). There is also evidence in the record that upon being verbally notified, just two days before the hearing, of the hearing date and time, Plaintiff informed the SSA that he had not received a notice of hearing. Arnold Decl., ¶¶ 6-7. Despite this, the SSA apparently

did not provide an amended notice of hearing as required by 20 C.F.R. § 404.938(c). Moreover, although the ALJ himself acknowledged Plaintiff's stated intent to obtain legal representation (see Order of Dismissal, Herbst Decl., Ex. 6 at 4), the ALJ did not find that this constituted good cause for a continuance of the hearing, in contravention of 20 C.F.R. § 404.936(f)(1), which states that good cause for a change of the date of the hearing may be shown if the claimant has attempted to obtain a representative but needs additional time. 20 C.F.R. § 404.936(f)(1). Rather than provide Plaintiff with any additional time, despite knowing that he hoped to retain counsel, the ALJ merely conducted a "check of the record" which indicated that "no representative had informed this office of his or her representation" and, only six days after the scheduled hearing, dismissed Plaintiff's request for a hearing. Order of Dismissal, Herbst Decl., Ex. 6 at 4-5.

The Court is troubled by the SSA's apparent multiple failures to follow its own regulations, and is concerned that Plaintiff was not given a fair opportunity to show good cause for his failure to appear at the scheduled hearing. Although the SSA disputes Plaintiff's assertion that he was initially told by the judge's assistant that he need not appear for the hearing (compare Arnold Decl., ¶ 8 with Order of Dismissal, Herbst Decl., Ex. 6 at 4-5), Plaintiff should, at the very least, have been given the opportunity to demonstrate good cause for his failure to appear at the hearing. Judicial review should not be foreclosed under such circumstances. This does not appear to be a situation in which Plaintiff intentionally bypassed the administrative procedure in order to seek judicial review. Rather, it is for the very reason that he was not provided a hearing in the course of administrative review that he seeks review in this Court.

Under McNatt, when a claimant has appeared before the ALJ and has sought a continuance of his hearing, and "when the ALJ's decision denying the claim is final except for modification or reversal on appeal, [the] claimant has had a hearing within the meaning of § 405(g)." McNatt, 201 F.3d at 1087. The Court finds that where, as here, a claimant shows that he did not receive notice of his hearing in accordance with the

applicable regulations, and when he claims he advised the SSA of this, asked for a continuance of the hearing, and advised that he wished to retain counsel, and then did not appear at a scheduled hearing under the belief that the judge did not require him to do so, he similarly has had a hearing within the meaning of § 405(g).

### 2. Plaintiff Has Established the Two Elements of a Final Decision

As set forth above, the "final decision" of the Commissioner consists of (1) a non-waivable requirement of presentment of the claim for benefits and (2) a waivable requirement of exhaustion of administrative remedies. Cassim, 824 F.2d at 794. The non-waivable jurisdictional element -- that the claimant present a claim for benefits to the Commissioner -- is not in dispute between the parties. Plaintiff filed an application for Social Security disability benefits on February 27, 2008 and contested the SSA's determinations at each step of the administrative review process. This is sufficient to satisfy the presentment element under Cassim. See id. Plaintiff has also shown exhaustion, in that he exhausted his administrative remedies by proceeding through all stages of the administrative appeals process, to the extent that was possible under the circumstances of this case. "Only a claimant who proceeds through all three stages [of the administrative appeals process] receives a final decision from the [Commissioner]." City of New York, 476 U.S. at 482; see also Schweiker v. Chilicky, 487 U.S. 412, 424 (1988) ("Once these elaborate administrative remedies have been exhausted, a claimant is entitled to seek judicial review, including review of constitutional claims.").

Even assuming Plaintiff did not exhaust his administrative remedies, due to the lack of a decision by the ALJ on the merits, the exhaustion element of a final decision is waivable. Id. Again, the three-part test for determining whether the exhaustion element should be waived requires that the claim be (1) collateral to a substantive claim of entitlement ("collaterality"), (2) colorable in its showing that denial of relief will cause irreparable harm ("irreparability"), and (3) one whose resolution would not serve the purposes of exhaustion ("futility"). Kildare, 325 F.3d at 1082.

Plaintiff has shown collaterality. His due process claim that he did not receive

reasonable notice of an administrative hearing (see Compl., ¶ 13) is collateral to his request for benefits.  Cassim, 824 F.2d at 795; see also City of New York, 476 U.S. at 483 (finding an allegation that the agency failed to follow applicable regulations collateral to a claim for benefits).  Plaintiff has also shown irreparability.  "A colorable claim of irreparable harm is one that is not wholly insubstantial, immaterial, or frivolous."  Kildare, 325 F.3d at 1083 (quotations and citation omitted).  Plaintiff raises a serious constitutional challenge that is not insubstantial, immaterial, or frivolous.  See, e.g., Cassim, 824 F.2d at 795.  Finally, Plaintiff has established futility, as he has already fully attempted to exhaust his administrative remedies and, absent an order from this Court, will receive no benefit from seeking any further administrative review.

The Court accordingly concludes that Plaintiff has fulfilled the jurisdictional requirements of section 405(g).

### B.    Plaintiff's Claim Also Satisfies the *Sanders* Exception

"[T]he *Sanders* exception [to the jurisdictional requirements of sections 405(g) and (h)] applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination."  Udd, 245 F.3d at 1099 (citing Evans, 110 F.3d at 1483).  "A challenge that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim."  Id. (quoting Boettcher, 759 F.2d at 722).  Procedural due process guarantees apply to social security determinations.  Richardson v. Perales, 402 U.S. 389, 401-02.  "It is axiomatic that due process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied."  Udd, 245 F.3d at 1099 (citing Mathews, 424 U.S. at 333).  Plaintiff's allegation of failure to receive meaningful notice of the ALJ hearing therefore gives rise to a colorable constitutional claim.  Thus, not only has Plaintiff fulfilled the jurisdictional requirements of section 405(g), but his claim satisfies the *Sanders* exception to these jurisdictional requirements.

//

**C.     Remand is Appropriate**

"Ordinarily, when a due process violation requires that an application for benefits be reopened, the case is remanded to the Commissioner so that the agency can rule on the merits of the plaintiff's disability claim in the first instance." Udd, 245 F.3d at 1102. Here, Plaintiff has provided evidence that he did not receive sufficient notice of the September 4, 2009 hearing before the ALJ.  The uncontested evidence in the record before the Court shows that Plaintiff moved from Alpine to Lakeside in June 2009 and provided his change of address to the Social Security office in El Cajon.   The regulations require notice of an ALJ hearing to be mailed to a claimant's last known address at least twenty days before hearing.  20 C.F.R. § 404.938(a).  Based on the present record, by mailing notice of the hearing to the old Alpine address, the SSA failed to provide proper notice, and then further compounded the problem by not continuing the hearing, despite Plaintiff's telephone calls to the hearing office, and by not providing Plaintiff with an opportunity to show good cause for his failure to appear at the scheduled hearing.  The ALJ's dismissal of Plaintiff's request for hearing was therefore in error, and the case should be remanded for a hearing before an ALJ and a decision on the merits of Plaintiff's disability claim.

**VI.    CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss for lack of subject matter jurisdiction should be **DENIED**, and the case should be remanded for further proceedings.

This report and recommendation will be submitted to the Honorable Michael M. Anello, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before July 25, 2011.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the Objections shall be served and filed on or before August 4, 2011.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's

order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED:  June 27, 2011

                                              Jan M. Adler
                                              U.S. Magistrate Judge