# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ARNOLD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 10CV2003 MMA (JMA)<br><br>**ORDER RE: REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 11]<br><br>**DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 7] |

　　On September 27, 2010, Plaintiff Mark Arnold filed this appeal of the dismissal of his request for hearing by an Administrative Law Judge of the Social Security Administration's determination on his claim for benefits. On October 8, 2010, the Court referred all matters arising in this social security appeal to the assigned magistrate judge for report and recommendation pursuant to section 636(b)(1)(B) of title 28 of the United States Code and Local Rule 72.1. *See* 28 U.S.C. § 636(b)(1)(B); S.D. Cal. Civ. R. 72.1. On January 27, 2011, Defendant Michael J. Astrue, Commissioner of Social Security, filed a motion to dismiss Plaintiff's appeal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

　　On June 27, 2011, the magistrate judge filed a thorough and thoughtful report containing findings and conclusions, upon which he bases his recommendation that the Court deny the Commissioner's motion to dismiss and remand this matter to the Commissioner for further

1  proceedings. Neither party objected to the Report and Recommendation, and the time for filing
2  objections has expired.¹

### **DISCUSSION**²

Under 42 U.S.C. § 405(g), the district court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party." As noted by the magistrate judge, Plaintiff did not appear for his administrative hearing, and the ALJ dismissed his request for a hearing, finding he had not shown good cause for his failure to appear. The Appeals Council declined to review the decision, stating "[i]n looking at your case, we considered the reasons you disagree with the dismissal. We found that this information does not provide a basis for changing the Administrative Law Judge's dismissal." *See Herbst Decl'n*, Ex. 8.

Although it is undisputed that no hearing took place, the magistrate judge recommends the Court find that it has jurisdiction under Section 405(g), citing *McNatt v. Apfel*, 201 F.3d 1084 (9th Cir. 2000), in support. However, the instant case is distinguishable from *McNatt*. In *McNatt*, the Ninth Circuit held that "when a claimant has appeared before the ALJ and sought a continuance of his or her hearing, and when the ALJ's decision denying the claim is final except for modification or reversal on appeal, claimant has had a hearing within the meaning of § 405(g)." *Id.* at 1087. The claimant in *McNatt* appeared through counsel at a mandatory hearing, whereas, here, Plaintiff did not appear at the hearing. This case is more readily comparable to *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, (9th Cir. 2001), wherein the circuit court explained that "a claimant's failure to appear at a hearing, either personally or through counsel, precludes a claimant from obtaining a final decision of the Commissioner and, consequently, judicial review of her case." *Subia*, 264 F.3d at 903, citing *McNatt*, 201 F.3d at 1087-88.

The ALJ concluded that Plaintiff lacked good cause for missing his hearing, and Plaintiff

---

¹ Although no objections were filed, "it is the duty of the federal courts to assure themselves that their jurisdiction is not being exceeded." *Csibi v. Fustos*, 670 F.2d 134, 136, n.3 (9th Cir. 1982), citing *City of Kenosha v. Bruno*, 412 U.S. 507, 511-512 (1973).

² The Court adopts the Background and Legal Standards sections of the Report and Recommendation in full.

1  appealed to the Appeals Council, which agreed with the ALJ's decision.  Section 405(g) does not
2  confer jurisdiction on this court to review the Commissioner's good cause determination because it
3  is not a "final decision."  *See, e.g., Matlock v. Sullivan*, 908 F.2d 492, 493-94 (9th Cir. 1990)
4  (noting that a "final decision" refers to a final decision on the merits of a claimant's application for
5  disability benefits).  Thus, the Court declines to adopt Section A of the Discussion portion of the
6  magistrate judge's Report and Recommendation.

7  Notwithstanding the lack of jurisdiction under Section 405(g), the magistrate judge also
8  recommends the Court exercise jurisdiction over this matter pursuant to *Califano v. Sanders*, 430
9  U.S. 99 (1977).  A constitutional challenge to the Commissioner's procedures is a recognized
10 exception to the rule that a district court is without jurisdiction to hear an appeal from a dismissal
11 in the absence of a final decision.  *See Califano*, 430 U.S. at 109 ("Constitutional questions
12 obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to
13 the courts is essential to the decision of such questions.").  A plaintiff must present a "colorable
14 constitutional claim of [a] due process violation that implicates a due process right either to a
15 meaningful opportunity to be heard or to seek reconsideration of an adverse benefits
16 determination."  *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997) (internal quotations and
17 citations omitted).  For the reasons stated in Section B of the Discussion portion of the Report and
18 Recommendation, the Court agrees with the magistrate judge that Plaintiff has presented a
19 sufficiently colorable constitutional claim to confer subject matter jurisdiction.

20 The Court also agrees with the magistrate judge's recommendation to remand this action to
21 the Commissioner.  Because no hearing before an ALJ has been held in this matter, and because no
22 final determination on the merits of Plaintiff's claims has been made at the administrative review
23 level, this action shall be remanded to the Commissioner for further administrative proceedings in
24 that regard.
25 ///
26 ///
27 ///
28 ///

## CONCLUSION

The Court has considered the pleadings and memoranda of the parties and other relevant matters of record, and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law. Accordingly, good cause appearing,

**IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation [Doc. No. 11] is **ADOPTED** in substantial part;
2. Defendant's Motion to Dismiss [Doc. No. 7] is **DENIED**; and
3. This action is **REMANDED** to the Commissioner of Social Security for an administrative hearing and merit-based consideration of Plaintiff's February 27, 2008 application for Social Security disability benefits.

**IT IS SO ORDERED**.

DATED: September 20, 2011

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge